IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RANDY C. LINDSEY**                                                                                **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 3:10-cv-567-HTW-LRA**

**PRESIDENT OF THE BOARD**
**OF SUPERVISORS OF SCOTT COUNTY, et al.**                              **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a complaint pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status. On October 13, 2010, this Court entered an order [3] directing the Plaintiff to file a written response, on or before November 3, 2010, providing specific information to the Court. The Plaintiff failed to comply with this Court's order. The Plaintiff was warned that his failure to timely comply with a court order or failure to keep this Court informed of his current address may result in the dismissal of this case.

On November 19, 2010, an order [5] was entered directing the Plaintiff to show cause, on or before December 9, 2010, why this case should not be dismissed for his failure to comply with the Court's October 13, 2010 order. In addition, Plaintiff was directed to comply with the Court's order by filing a written response, on or before December 9, 2010. The show cause order warned Plaintiff that failure to timely comply with the requirements of the order or failure to keep this Court informed of his current address would lead to the dismissal of his complaint, without further notice. Plaintiff did not comply with the Court's

show cause order.

On December 30, 2010, a final show cause order [6] was entered directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders of October 13, 2010, and November 19, 2010.  Plaintiff was directed to comply with the Court's final show cause order, on or before January 14, 2011.  The Plaintiff was also warned in this final show cause order that failure to keep this Court informed of his current address or failure to comply with the requirements of the order by January 14, 2011, would result in the dismissal of his case.  The envelope containing the final show cause order [6] was returned by the postal service on January 20, 2011, with the notation "return to sender- not deliverable as addressed - unable to forward."  Needless to say, the Plaintiff did not comply with this order.

Plaintiff has failed to comply with three court orders and he has not contacted this Court since October 12, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at

629-30.

    The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009).  Since the Defendant has not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

    A Final Judgment in accordance with this Memorandum Opinion will be entered.

    SO ORDERED, this the 27th day of January, 2011.

                              s/ HENRY T. WINGATE
                              UNITED STATES DISTRICT JUDGE